## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **THE PARISH OF JEFFERSON** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **CIVIL ACTION NO. 2:18-cv-05206** |
| **versus** | * | |
| | * | **JUDGE ELDON L. FALLON** |
| **DESTIN OPERATING COMPANY,** | * | |
| **INC., EXXON MOBIL** | * | **MAGISTRATE JUDGE** |
| **CORPORATION, SWIFT ENERGY** | * | **JOSEPH C. WILKINSON, JR.** |
| **OPERATING, LLC, CHEVRON** | * | |
| **U.S.A. HOLDINGS INC., ATLANTIC** | * | |
| **RICHFIELD COMPANY, CHEVRON** | * | |
| **U.S.A. INC., HILCORP ENERGY** | * | |
| **COMPANY, ENERTEC** | * | |
| **EXPLORATION, INC., FOREST OIL** | * | |
| **CORPORATION, HELIS OIL & GAS** | * | |
| **COMPANY, LLC, THE LOUISIANA** | * | |
| **LAND AND EXPLORATION** | * | |
| **COMPANY LLC (MARYLAND),** | * | |
| **LLOG EXPLORATION &** | * | |
| **PRODUCTION COMPANY, LLC, BP** | * | |
| **AMERICA PRODUCTION** | * | |
| **COMPANY, SHELL OIL COMPANY,** | * | |
| **AND CONOCOPHILLIPS COMPANY** | * | |
| | * | |
| **Defendants.** | * | |

## REPLY BRIEF IN SUPPORT OF
## DEFENDANTS' MOTION FOR STAY PENDING MDL DETERMINATION

On May 30, Removing Defendants moved to stay this and 40 other parish lawsuits pending the JPML's decision on coordination. Judge Drell in the Western District of Louisiana promptly granted Defendants' motions in 4 cases. *See* Ex. 1. He did so for good reason: any stay will be brief, promote efficiency, avoid inconsistent rulings, and leave Plaintiffs unharmed. Plaintiffs' attack on the motion to stay as a "cynical strategy for delay" is wrong. Opp. at 3.

1

Defendants' recent removal was necessary only because Plaintiffs actively concealed the federal nature of their claims until serving an expert report on April 30, 2018. And procedurally, the JPML has set a speedy briefing schedule—the issue will be fully submitted by July 2—and will very likely make a transfer decision before this Court could rule on remand.[1]

Yet Plaintiffs ask the Court to forge ahead. Brushing aside the risk that patchwork remand briefing would waste resources and could yield inconsistent rulings, Plaintiffs urge the Court to ignore Judge Drell's stay orders, ignore pending JPML proceedings, ignore authority for staying cases precisely like this one, and act as if the other 41 cases in this docket do not exist. Plaintiffs are wrong and a stay is warranted.

## I.    The law supports a stay.

Plaintiffs offer no authority in support of their opposition to stay. They do not even cite (much less engage with) the standard for a stay pending the JPML's decision. In addressing Defendants' motion, the Court should consider "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Louisiana Stadium & Exposition Dist. v. Fin. Guar. Ins. Co.*, 2009 WL 926982, at *1 (E.D. La. Apr. 2, 2009). All factors support a stay.

Plaintiffs do not even attempt to satisfy the prejudice prong of the inquiry. Read generously, Plaintiffs' opposition, at most, obliquely suggests that a stay could theoretically delay resolution of certain parish cases until after Louisiana's next gubernatorial election.

---

[1] Plaintiffs also fail to inform this Court that all but five of the Plaquemines Parish cases—the only cases in which any state court had previously entered a Case Management Order—were already stayed by agreement of the parties prior to removal.

Plaintiffs appear to suggest that the outcome of Louisiana's next gubernatorial election will affect the outcome of these cases. The Court should give little weight to this hypothetical harm.

- First, the potential outcome of a statewide election has no bearing upon the factors that govern whether a stay is warranted under the circumstances of this case. The law simply does not take into account the theoretical effect of the election of a governmental official on whether judicial economy is served by a stay.

- Second, a stay would be short. Plaintiffs' response to the JPML is due on June 25 and the issue will be fully briefed by July 2. The JPML will likely hear argument at its next hearing on July 26. A limited stay in the interim would be practically inconsequential: remand could not even be decided—likely not even fully briefed— by the time the JPML makes a transfer decision.

- Third, any asserted prejudice or hardship would be conjectural. Plaintiffs argue that waiting for the JPML decision might delay a decision on their not-yet-filed remand motions, which might in turn delay trial until after a future gubernatorial election. That argument depends on unknown contingencies and unwarranted assumptions.

By contrast, if remand briefing across the docket proceeds without a stay, the Court and the parties risk devoting significant time to remand, only to have the JPML transfer this case to another judge. Duplicative remand work would be wasted. Plaintiffs cannot dispute that having all remand motions heard by one judge would serve the interests of judicial economy. Nor can Plaintiffs dispute that the JPML can and frequently does consolidate proceedings to resolve jurisdictional issues. For example, in *In re Eliquis (Apixaban) Products Liability Litigation*, 2017 WL 6759062 (J.P.M.L. Oct. 4, 2017), parties opposing coordination by the JPML argued "against transfer based on the assertion that their actions were improperly removed and subject matter jurisdiction is absent." *Id.* at *1. The JPML rejected this argument because "[j]urisdictional issues do not present an impediment to transfer, as plaintiffs can present these arguments to the transferee judge." *See also In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347 (J.P.M.L. 2001) (noting "remand motions can be presented to and decided by the transferee judge" in response to plaintiff's opposition to transfer based on "pendency in his action of a motion to remand to state court").

3

Plaintiffs' only response is that no resources would be wasted by case-by-case remand rulings because the facts are purportedly "different in each individual case." Opp. at 4. This is a red herring: the *JPML* will decide in the first instance whether common issues of fact warrant MDL transfer. Plaintiffs also overstate the differences between the parish cases. Plaintiffs filed near-identical petitions in the 42 lawsuits, each of which alleges explicitly or implicitly that Defendants are "solidarily liable" for harming the coastal zone, and each of which prays for restoration of the parish's entire coastal zone. Plaintiffs' expert report likewise adopts this broad-brush, cookie-cutter approach, applying it to the report's newly disclosed theories of liability. Plaintiffs' approach raises common federal issues across the docket, including the critical questions of how federal officer jurisdiction applies to federally directed wartime activities and how Plaintiffs' newly minted claims for pre-SLCRMA activities premised on Defendants' purported "bad faith" necessarily implicate questions of federal law. Case-by-case adjudication risks inconsistent rulings on key issues.

There is simply no reason for this Court to spend time familiarizing itself with the intricacies of this complex case if it will ultimately be heard by another judge. Absent a stay, duplicative work and inconsistent rulings will waste judicial and party resources and "moc[k] an efficient and orderly judicial system." *Cajun Offshore Charters, LLC v. BP Products N. Am.*, 2010 WL 2160292, at *2 (E.D. La. May 25, 2010). The Court should follow Judge Drell's approach and enter a brief stay pending the JPML's decision.

**II.    The Court should ignore and reject Plaintiffs' misleading attack on the merits of Defendants' removal grounds and the MDL petition.**

Because Plaintiffs have no persuasive argument opposing a stay, they attack the merits of Defendants' removal grounds and motion to transfer with the JPML. These collateral points not

only have nothing to do with a stay pending the JPML's decision on consolidation—they are also wrong.

First, Plaintiffs argue that removal was "blatantly improper" but do not say how. Plaintiffs make no effort to show that the merits of Defendants' grounds for removal are relevant to whether a stay pending the consolidation determination is warranted, where, as demonstrated above, a stay would not prejudice Plaintiffs, would save substantial judicial resources, and would avoid the risk of inconsistent rulings and hardship to Defendants. In any event, Plaintiffs' attack is baseless. The truth is that, after initially avowing to pursue a narrow state-law regulatory action, on April 30, 2018, Plaintiffs filed an expert report challenging scores of activities authorized *only* by federal permits or governed *only* by federal standards. Many of these activities began in or occurred during World War II, when the federal government controlled nearly every aspect of oil and gas production in Louisiana's coastal zone. As remand briefing will bear out, this is a federal case that belongs in federal court.

Second, Plaintiffs argue that removal was untimely because Defendants should have long ago anticipated Plaintiffs' new allegations. Opp. at 5–6. This is irrelevant—timeliness of removal has nothing to do with a stay—and it withers under scrutiny. Under well-settled law, a plaintiff desiring "the thirty-day time period to run from the defendant's receipt of the initial pleading" must "place in the initial pleading a specific allegation" that unambiguously reveals the nature of the claims asserted. *Chapman v. Powermatic,* 969 F.2d 160, 163 (5th Cir. 1992). Yet before April 30, 2018, Defendants had no inkling of Plaintiffs' new accusation that federally directed activities from the 1940s were conducted in "bad faith," and that those activities somehow violated a statute (SLCRMA) enacted decades later. Plaintiffs acknowledge that their petitions were found to be vague under Louisiana law, and that they cured this vagueness in part by

"agree[ing] to provide preliminary expert reports." Opp. at 2 n.2. Until the first preliminary expert report was served, Plaintiffs' claims remained fundamentally vague. It was only in the April 30 expert report that the State first disclosed and signed off on Plaintiffs' new retroactive interpretation of SLCRMA, which is the sole statutory cause of action alleged in all of the parish cases.

The support Plaintiffs offer for their timeliness argument—generic discovery documents, including a single RFA response from DNR—does not even hint at their broad-scale attack on World War II and other pre-SLCRMA activities. *See* Opp. at 5. For instance, the RFA response blandly denied Chevron's request that DNR admit it was not challenging pre-1980 activities. The DNR denied this request "subject to" a boilerplate objection that the RFA lacked "reasonable restrictions on its scope"—just like the DNR denied nearly every other Chevron RFA with boilerplate objections. *See* Ex. 2. Nowhere in any of the referenced documents did Plaintiffs previously disclose their sweeping challenge to 1940s-era operations or their "bad faith" theory of liability for pre-SLCRMA activities that appears in the preliminary expert report. Removal is timely.

## III.    Conclusion

The Court should stay all proceedings pending a transfer decision by the JPML.

Respectfully submitted:

**KEAN MILLER LLP**

*/s/ Shannon Shelton Cobb*
Michael R. Phillips (#21020)
mike.phillips@keanmiller.com
Brett P. Fenasci (#29858)
brett.fenasci@keanmiller.com
Claire E. Juneau (#33209)
claire.juneau@keanmiller.com
Shannon Shelton Cobb (#34762)
shannon.cobb@keanmiller.com
909 Poydras Street, Suite 3600
New Orleans, Louisiana 70112
Telephone:    (504) 585-3050
Facsimile:    (504) 585-3951

-and-

**KEAN MILLER LLP**
Charles S. McCowan, III (#19699)
trey.mccowan@keanmiller.com
Pamela R. Mascari (#25162)
pam.mascari@keanmiller.com
II City Plaza
400 Convention Street, Suite 700
Post Office Box 3513 (70821)
Baton Rouge, Louisiana 70802
Telephone:    (225) 387-0999
Facsimile:    (225) 388-9133

-and-

**SUSMAN GODFREY L.L.P.**
Eric J. Mayer (#14184)
emayer@susmangodfrey.com
Alexandra White (#29478)
lwhite@susmangodfrey.com
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone:    (713) 651-9366
Facsimile:    (713) 654-6666

*Attorneys for Chevron U.S.A. Inc. and*
*Chevron U.S.A. Holdings Inc.*

7

*/s/ George Arceneaux*
George Arceneaux III (#17442)
**LISKOW & LEWIS**
822 Harding Street
P.O. Box 52008
Lafayette, Louisiana 70505
Telephone:     (337) 232-7424
Facsimile:     (337) 267-2399

Joe B. Norman (#8160)
**LISKOW & LEWIS**
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana  70139
Telephone:    (504) 581-7979
Facsimile:     (504) 556-4108

*Attorneys for Atlantic Richfield Company and
BP America Production Company*

*/s/ Robert McNeal*
Robert B. McNeal (No. 14211)
rbmcneal@liskow.com
**LISKOW & LEWIS**
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone:     (504) 581-7979
Facsimile:     (504) 556-4108

Michael P. Cash (No. 31655)
mcash@liskow.com
**LISKOW & LEWIS**
First City Tower
1001 Fannin Street
Houston, Texas  77002-6756
Telephone:     (713) 651-2900
Facsimile:     (713) 651-2908

-and-

8

Jamie D. Rhymes (No. 24621)
jdrhymes@liskow.com
**LISKOW & LEWIS**
822 Harding Street
Lafayette, Louisiana 70503
Telephone:    (337) 232-7424
Facsimile:    (337) 267-2399

-and-

Martin A. Stern (No. 17154)
martin.stern@arlaw.com
Glen M. Pilié (No. 1539)
glen.pilie@arlaw.com
Jeffrey E. Richardson (No. 23273)
jeffrey.richardson@arlaw.com
Alexandra G. Roselli (#37847)
alexandra.roselli@arlaw.com
**ADAMS AND REESE LLP**
701 Poydras Street, Suite 4500
New Orleans, Louisiana 70139
Telephone:    (504) 581-3234
Facsimile:    (504) 566-0210

-and-

Roy C. Cheatwood (No. 04010)
rcheatwood@bakerdonelson.com
Monica A. Frois (No. 20187)
mfrois@bakerdonelson.com
Matthew A. Woolf (No. 27146)
mwoolf@bakerdonelson.com
Tyler L. Weidlich (No. 30790)
tweidlich@bakerdonelson.com
**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ**
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone:    (504) 566-5200
Facsimile:    (504) 636-4000

*Attorneys for Exxon Mobil Corporation*

*/s/ Michele Hale DeShazo*
Deborah D. Kuchler, T.A. (#17013)
Robert E. Guidry (#28064)
Sarah E. Iiams (#22418)
Michele Hale DeShazo (#29893)
**KUCHLER POLK WEINER, LLC**
1615 Poydras Street, Suite 1300
New Orleans, Louisiana 70112
Telephone:     (504) 592-0691
Facsimile:      (504) 592-0697

*Attorneys for ConocoPhillips Company and The*
*Louisiana Land and Exploration Company LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing was filed electronically with the Clerk of court of the United States District Court for the Eastern District of Louisiana using the CM/ECF system, which then issued electronic notices of the filing to registered attorneys in the federal CM/ECF PACER system.

*/s/ Shannon Shelton Cobb*