UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| THE PARISH OF JEFFERSON | * | CIVIL ACTION: 2:18-cv-05206 |
| | * | |
| VERSUS | * | JUDGE FALLON |
| | * | |
| DESTIN OPERATING COMPANY, et al. | * | MAGISTRATE JUDGE WILKINSON |

****************************************

**MEMORANDUM OF PLAINTIFF AND INTERVENORS IN
SUPPORT OF MOTION TO LIFT STAY PENDING APPEAL**

**I.   INTRODUCTION**

This Court issued an order of remand on February 27, 2023, and a letter transmitting jurisdiction to the state district court was mailed by the federal clerk on February 28, 2023. Doc. 80, Doc. 80-1. Immediately thereafter, Defendants moved the court to reconsider its order of remand. Doc. 82. This motion was denied. Doc. 93. Defendants then moved to stay this Court's previously issued remand order pending appeal. Doc. 94.

28 U.S.C. §1447(c) provides that after a remand order, "[a] certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case." In *Arnold v. Garlock, Inc.*, the Fifth Circuit held that "[t]his provision creates legal significance in the mailing of a certified copy of the remand order in terms of determining the time at which the district court is divested of jurisdiction. …. Once the remand order is certified and mailed, however, the matter remanded is removed from federal jurisdiction."[1] This Court's remand order was executed under 28 U.S.C. §1447(c) on the same day it was entered [see Doc. 80-1], thereby vesting the state court with jurisdiction to proceed with this case. This Court

---

[1] 278 F.3d 426, 438 (5th Cir. 2001).

1

cannot stay a remand order that has already been executed.

## II.     THE MAILING OF CERTIFIED ORDER CONFERS JURISDICTION ON THE STATE COURT

The federal clerk's mailing of the remand order vested the state court with jurisdiction. This Court has denied stay requests after the clerk's letter has transferred jurisdiction to state court. In *Meyers v. Chesterson*, the defendants, as here, filed a notice of removal premised on federal officer jurisdiction. This Court granted remand and the clerk then mailed the remand order to the state court. The defendants moved for reconsideration, and after the motion was denied, moved for a stay pending appeal. This Court (Fallon, J.) found that it had no jurisdiction to order the stay:

> Pursuant to 28 U.S.C. § 1447(c), once a certified copy of the remand order is mailed to the State court clerk, "[t]he State court may thereupon proceed with such case." The statutory language is clear that jurisdiction over a removed matter shifts back to the state court when the clerk certifies and mails out a remand order. Given the clear statutory language, the Court must abstain from entering orders that conflict with the state court's proper exercise of jurisdiction. Further, the Fifth Circuit case law supports this statutory construction. *See Arnold v. Garlock, Inc.,* 278 F.3d 426, 438 (5th Cir. 2001) noting that § 1447(c) "creates legal significance in the mailing of a certified copy of the remand order in terms of determining the time at which the district court is divested of jurisdiction"). Thus, the Court is divested of its jurisdiction to issue a stay in this case as the clerk of this Court forwarded a certified copy of the remand order to the state court on May 21, 2015. [2]

In *City of New Orleans, by & through New Orleans Aviation Bd. v. Nat'l Serv. Cleaning Corp*., this Court issued a reviewable remand order and the clerk then mailed a certified copy of the order to the state court. Citing *In re Shell Oil Co*., this Court (Duval, J.) then reconsidered its remand order,

---

[2] Civ. A. 15-292, 2015 WL 3797139, at *3 (E.D. La. June 18, 2015) (Fallon, J.). Other cases finding no jurisdiction to enter a stay after the certified remand order has been mailed to the state court include: *Rivera Perez v. Massachusetts Gen. Hosp.*, 193 F.R.D. 43, 45 (D.P.R.2000); and *SFA Grp., LLC v. Certain Underwriters at Lloyd's,* CV 16-4202-GHK (JCX), 2017 WL 7661481, at *2 (C.D. Cal. Jan. 6, 2017), citing the Anti-Injunction Act in refusing to "recall" letter to state clerk.

refused to reverse it, and denied a request to stay pending appeal, noting that: "NSC seeks to 'stay' something that has already occurred and would require an injunction issued by this federal court prohibiting the state court from proceeding with this case. This Court is not empowered to do."[3] Fifth Circuit and district court precedent requires that the stay pending appeal be lifted in this case.

### III.   THE STATE COURT REMAINS VESTED WITH JURISDICTION DURING APPELLATE REVIEW

The reviewability of a remand order is governed by 28 U.S.C. § 1447(d), and the execution of a remand order is governed by 28 U.S.C. §1447(c). Certainly, federal officer remand orders are reviewable under Section 1447(d), but such orders are routinely executed pending review.[4] The Fifth Circuit instructs that Section 1447(d) must be read in conjunction with" Section 1447(c).[5] Section 1447(c) unequivocally vested the state court with jurisdiction once the certified remand order was mailed. Upon the mailing of the remand order in this case, this Court was divested of jurisdiction. "[A] remand is effective when the district court mails a certified copy of the remand order to the state court . . . The effectiveness of a remand order . . . does not, however, prevent a federal appellate court from reviewing a remand order that is appealable."[6]

### IV.   THE STATE COURT CANNOT BE ENJOINED FROM PROCEEDING WITH THE CASE

The Anti-Injunction Act, 22 U.S.C. § 2283, provides: "A court of the United States *may not grant an injunction to stay proceedings in a State court* except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

---

[3] Civ. A. 96-1601, 1997 WL 5915, at *1 (E.D. La. Jan. 6, 1997).

[4] *See* discussion of *Zeringue, Savoie,* and *Legendre, infra.*

[5] *In re Shell Oil Co.,* 932 F.2d 1518, 1520 (5th Cir. 1991).

[6] 14C Charles Alan Wright, *et al.,* Federal Practice and Procedure § 3739, at 907 (4th ed. 2009), citing *BP Am., Inc.,* 613 F.3d 1029, 1033 (10th Cir. 2010).

(emphasis added) In *Gibbs v. Lufkin Industries, Inc.*, the Fifth Circuit vacated injunction orders staying state law claims that the federal district court had previously remanded, holding that none of the exceptions to the Anti-Injunction Act applied.[7] The federal district court in *Gibbs* dismissed the plaintiffs' federal claims and some of their state law claims, remanded the remaining state law claims, and then enjoined the state court from litigating the remanded state claims. The Fifth Circuit vacated the district court's order enjoining the plaintiffs from pursuing their remanded claims, noting that where "there ha[d] been no ruling by us that the district court erred in remanding the plaintiffs' state law claims to the state court . . . , the state court's assumption of jurisdiction" justified vacating the injunction order imposing a stay.[8] Under *Gibbs*, this Court or the Fifth Circuit would have to reverse the remand order for jurisdiction to be shifted back from state to federal court. Until the remand order is reversed or vacated, the Anti-Injunction Act bars any injunction staying state proceedings.

The Anti-Injunction Act is "an absolute prohibition against any injunction of any state-court proceedings, unless the injunction falls within one of the three specifically defined exceptions in the Act. The Act's purpose is to forestall the inevitable friction between the state and federal courts that ensues from the injunction of state judicial proceedings by a federal court."[9] The exceptions to the Anti–Injunction Act are narrowly construed.[10] They are not to "be enlarged by loose statutory construction."[11]

---

[7] 487 Fed. App. 916, 2012 WL 3892555 (5th Cir. 09/07/2012).

[8] *Id.* at 920, **3.

[9] *Vendo Co. V. Lektro-Vend Corp.,* 433 U.S. 623, 630 (1977).

[10] *Next Level Communications LP v. DSC Communications Corp.*, 179 F.3d 244, 249 (5th Cir.1999), citing *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146 (1988).

[11] *Smith v. Bayer Corp.,* 131 S.Ct. 2368, 2375.

**"Aid Of Jurisdiction" Exception**: Regarding the "necessary in aid of its jurisdiction exception," the "'general rule remains ... that an injunction cannot issue to restrain a state action *in personam* involving the same subject matter from going on at the same time.'"[12]  The Fifth Circuit has opined regarding this exception:

> [W]e also note that the second of the three exceptions in the Anti–Injunction Act contains the same language as the All Writs Act, insofar as it permits a federal court to issue an injunction "where necessary in aid of its jurisdiction." In cases decided under this exception, courts have interpreted the language narrowly, finding a threat to the court's jurisdiction only where a state proceeding threatens to dispose of property that forms the basis for federal *in rem* jurisdiction, [citation omitted], or where the state proceeding threatens the continuing superintendence by a federal court, such as in a school desegregation case. [citation omitted] ***In no event may the "aid of jurisdiction" exception be invoked merely because of the prospect that a concurrent state proceeding might result in a judgment inconsistent with the federal court's decision.***[13]

Applying the foregoing principles, Defendants cannot rely on the "necessary in aid" exception. In *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Engineers,*[14] the Supreme Court explained that the "necessary in aid of" language in the Anti-Injunction Act "implies something similar to the concept of injunctions to 'protect or effectuate' judgments."  The exceptions to the Anti-Injunction Act "imply that some federal injunctive relief may be necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case."[15] Since Plaintiff and Intervenors do not challenge the jurisdiction of the Fifth Circuit to review the remand order at issue, the state court's

---

[12] *Gibbs v. Lufkin Industries,* 487 Fed. Appx. 916, 920 (5th Cir. Sept.7, 2012), quoting 17A Charles Alan Wright *et al*., Fed. Prac. & Proc. § 4425 (3d ed. Apr. 2012).

[13] *State of Texas v. U.S.,* 837 F.2d 184, 186 n. (5th Cir. 1988), cert. denied, 488 U.S. 821 (emphasis added); *Royal Ins. Co. of America,* 960 F.2d 1286, 1298 (5th Cir. 1992).

[14] 398 U.S. 281, 295(1970).

[15] *Id.*

exercise of its jurisdiction will in no way impair federal judicial authority.

In *Zeringue v. Crane Co.,* 846 F.3d 785 (5th Cir. 2017), a Section1442 removal case, the remand order was mailed to the state court the day after it was signed.[16] The district court denied motions for reconsideration and a stay.[17] While the case was pending on appeal in the Fifth Circuit, extensive proceedings were conducted in state court.[18] The Fifth Circuit reversed the remand order, after which the district court again exercised its jurisdiction.[19] Similarly, in *Savoie v. Huntington Ingalls,*[20] another federal officer removal, the district court granted remand and the clerk mailed the remand order the same day. The Fifth Circuit reversed and vacated the remand order. During the twelve months the case was on appeal, numerous filings were made in state court, including several motions for summary judgment and other motions.[21] In *Legendre v. Huntington Ingalls, Inc.,*[22] remand was granted and the remand order was mailed the same day. The district court denied a motion to stay, and the Fifth Circuit twice denied motions to stay. Eleven months later, the Fifth Circuit affirmed the remand order. During these eleven months, the parties proceeded to trial in state court. The Fifth Circuit affirmed the remand order just seven days before the scheduled trial.[23] *Zeringue, Savoie*, and *Legendre* prove beyond any doubt that the denial of injunctive relief will not

---

[16] USDC, E.D. La., Docket No. 15-4516, Docs. 20, 20-1.

[17] *Id*. at Doc. 26.

[18] *See Zeringue* state court docket sheet, Exhibit 1.

[19] *Zeringue v. Crane Company,* 846 F.3d 785 (5th Cir. 2017).

[20] 817 F.3d 457 (5th Cir.2016).

[21] *See* USDC, E.D. La., No. 2:15-cv-1220, Doc. 31-1 (letter to clerk dated 6/8/15) and Doc. 43 (USCA Judgment dated 5/27/16), and *Savoie* state court docket sheet, Exhibit 2.

[22] 885 F.3d 398, 399 (5th Cir.2018).

[23] *See* USDC, E.D. La., No. 2:17-cv-02162, Doc. 23-1 (remand letter dated 4/25/17) and Doc. 35 (USCA affirming remand, dated 4/13/18), and *Legendre* state court docket sheet, Exhibit 3.

"seriously impair [the Fifth Circuit's] flexibility and authority to decide [this] case."[24]

**Expressly Authorized Exception:** There is no Act of Congress that authorizes an injunction under the present facts. In fact, Congress has expressly authorized the transfer of this action to state court. *See* Section 1447(c).

**Relitigation Exception**: The Anti-Injunction Act's relitigation exception authorizes injunctions only when a former federal adjudication clearly precludes a state-court decision.[25] This Court has only determined the issue of federal jurisdiction. There is no possibility the state court will be called upon to decide any issue that has been addressed in this Court or the Fifth Circuit.

## V.   CONCLUSION

Even though an order granting remand in a Section 1442 case is reviewable on appeal, it is nonetheless subject to immediate execution. In this case, jurisdiction has already vested in the state court. The mailing of a certified remand order cannot be recalled,[26] nor can the vesting of state court jurisdiction resulting therefrom be enjoined.

---

[24] Quoting *Atl. Coast Line R.R. Co., supra,* at 295.

[25] *Smith v. Bayer Corp.*, 564 U.S. 299; 131 S.Ct. 2368; 180 L.Ed.2d 341 (2011).

[26] *See e.g. SFA Grp., LLC v. Certain Underwriters at Lloyd's,* 2017 WL 7661481, at *2 (C.D. Cal. Jan. 6, 2017) (refusing to "recall" letter to state clerk).

*By Attorneys for Plaintiff, the Parish of Jefferson and State of Louisiana, ex rel. Parish of Jefferson:*

Donald T. Carmouche (2226)
Victor L. Marcello (9252)
John H. Carmouche (22294)
William R. Coenen, III (27410)
Brian T. Carmouche (30430)
Todd J. Wimberley (34862)
Ross J. Donnes (33098)
D. Adele Owen (21001)
Leah C. Poole (35092)
Christopher D. Martin (30613)
Michael L. Heaton (38773)
TALBOT, CARMOUCHE & MARCELLO
17405 Perkins Road
Baton Rouge, LA 70810
Telephone: (225) 400-9991
Fax: (225) 448-2568

Philip F. Cossich, Jr. (1788)
Darren Sumich (23321)
David A. Parsiola (21005)
Brandon J. Taylor (27662)
COSSICH, SUMICH, PARSIOLA & TAYLOR, L.L.C.
8397 Highway 23, Suite 100
Belle Chasse, LA 70037-2648
Telephone: (504) 394-9000
Fax: (504) 394-9110

Bruce D. Burglass, Jr. (1411)
Andre' C. Gaudin (20191)
Scott O. Gaspard (23747)
BURGLASS & TANKERSLEY, LLC
5213 Airline Drive
Metairie, LA 70001-5602
Telephone: (504) 836-0407; Fax: (504) 287-0447

By:   */s/Victor L. Marcello (9252)*

*By Attorneys for Intervenor-Plaintiff, the State of Louisiana, through the Department of Natural Resources, Office of Coastal Management and its Secretary, Thomas F. Harris:*

J. Blake Canfield (30426)
Executive Counsel
Donald W. Price (19452)
Special Counsel
DEPARTMENT OF NATURAL RESOURCES
Post Office Box 94396
Baton Rouge, LA 70804

By: */s/ Donald W. Price (19452)*

*By Attorney for Intervenor-Plaintiff, the State of Louisiana, ex rel. Jeff Landry, Attorney General:*

Ryan M. Seidemann, (28991)
Assistant Attorney General
LOUISIANA DEPARTMENT OF JUSTICE
1185 North 3rd Street
Baton Rouge, LA 70802
Telephone: (225) 326-6085
Fax: (225) 326-6099

By: */s/ Ryan M. Seidemann (22294)*