UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
(NEW ORLEANS DIVISION)

| | | |
|---|---|---|
| THE PARISH OF JEFFERSON, | * | CIVIL ACTION NO. 2:18-CV-05206 |
| | * | |
| Plaintiff, | * | JUDGE ELDON E. FALLON |
| | * | |
| versus | * | MAGISTRATE JUDGE JOSEPH C. |
| | * | WILKINSON, JR. |
| DESTIN OPERATING COMPANY, | * | |
| INC., et al., | | SECTION "L" |
| | | |
| Defendants. | | |

**Removing Defendants' Opposition to Motion to Lift Stay Pending Appeal**

## INTRODUCTION

On April 21, 2023, Plaintiffs filed a motion to lift the stay pending appeal that the Court entered only two days earlier,[1] essentially seeking reconsideration of the Court's order. Plaintiffs' central argument is that "[t]his Court cannot stay a remand order that has already been executed."[2] But Plaintiffs raised this exact argument—using these *exact* words—when opposing the Removing Defendants' Motion to Stay the Judgment for the Purpose of Ruling on Removing Defendants' Motion for Reconsideration Pursuant to Federal Rule of Civil Procedure 59.[3] After receiving Plaintiffs' briefing on that theory, the Court stayed its remand order pending appeal.[4]

Plaintiffs' instant motion offers no basis to reconsider the Court's stay order. As shown below, Plaintiffs merely re-urge arguments they already made, citing the same authorities, in opposing the Removing Defendants' previous motion to stay. And as the Removing Defendants previously explained, those arguments and authorities were recycled from a previous unsuccessful attempt by Plaintiffs' counsel to oppose a stay pending appeal in the Fifth Circuit in *Parish of Cameron v. BP America Production Co.*[5] The Fifth Circuit rejected Plaintiffs' arguments in *BP America* and granted a stay.[6] This Court likewise necessarily rejected Plaintiffs' arguments when

---

[1] *See* ECF No. 100 (entering stay pending appeal); ECF No. 102 (moving to lift stay).
[2] ECF No. 102-1 at 1.
[3] *See* ECF No. 83 at 1 ("This Court cannot stay a remand order that has already been executed.").
[4] *See* ECF No. 100.
[5] *See* ECF No. 92.
[6] The Removing Defendants appended the following documents filed in the Fifth Circuit to their reply brief in support of their motion to stay the remand order pending resolution of their motion for reconsideration: (1) Defendants' Motion for Stay of Remand Order Pending Appeal, Doc. No. 00515148894; (2) Plaintiff-Appellee and Intervenors-Appellees' Opposition to Motion for Stay of Remand Order Pending Appeal, Doc. No. 00515162967; (3) Defendants' Reply in Support of Motion for Stay of Remand Order Pending Appeal, Doc No. 00515172727; (4) the Fifth Circuit's order granting Defendants' Motion for Stay of Remand Order Pending Appeal, Doc No. 00515185188; (5) Defendants' Motion for Injunction Enforcing Stay Pending Appeal, Doc. No. 00515198617; (6) Plaintiff-Appellee and Intervenors-Appellees' Opposition to Motion for Stay of Remand Order Pending Appeal, Doc. No. 00515211454; (7) Defendants' Reply in Support of Motion for Injunction Enforcing Stay Pending Appeal, Doc. No. 0515213749; and (8) the Fifth Circuit's order granting Defendants' Motion for Injunction Enforcing Stay Pending Appeal, Doc No. 00515215752. *See* ECF No. 92-1, Exs. 1–8.

1

entering a stay pending appeal in this case. Plaintiffs have provided no reason for the Court to change course now, and their motion should be denied.

## ARGUMENT

**I.     Reconsideration of the Court's Stay Order Is Not Warranted.**

"It is well settled that motions for reconsideration should not be used to re-urge matters that have already been advanced by a party." *S. Snow Mfg. Co. v. SnoWizard Holdings, Inc.*, 921 F. Supp. 2d 548, 565 (E.D. La. 2013) (ellipsis omitted). But that is precisely what Plaintiffs are doing here. Plaintiffs' only arguments to lift the stay pending appeal are based on Plaintiffs' incorrect contention that the Court lacked jurisdiction to stay its remand order. Plaintiffs already raised these *same arguments*—relying on the *same authorities*—when opposing the Removing Defendants' motion to stay the Court's remand order pending resolution of their motion for reconsideration.[7] Plaintiffs have offered the Court no new arguments, authorities, or evidence. They have therefore provided no basis for the Court to reconsider its stay ruling. *See, e.g.*, *Dempster v. Lamorak Ins. Co.*, No. CV 20-95, 2021 WL 848188, at *4 (E.D. La. Mar. 5, 2021) ("When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted."). Plaintiffs' motion should be denied.

---

[7] *Compare, e.g.*, ECF No. 83 at 1 ("The federal clerk's mailing of the remand order vested the state court with jurisdiction."), *id.* at 2 ("Section 1447(c) unequivocally vested the state court with jurisdiction once the certified remand order was mailed. Upon this mailing, the *federal district court* was divested of jurisdiction."), *and id.* at 3 ("Under *Gibbs*, this court or the Fifth Circuit would have to reverse the remand order for jurisdiction to be shifted back from state to federal court. Until the remand order is reversed or vacated, the Anti-Injunction Act bars any injunction staying state proceedings."), *with, e.g.*, ECF No. 102-1 at 2 ("The federal clerk's mailing of the remand order vested the state court with jurisdiction."), *id.* at 3 ("Section 1447(c) unequivocally vested the state court with jurisdiction once the certified remand order was mailed. Upon the mailing of the remand order in this case, this Court was divested of jurisdiction."), *and id.* at 4 ("Under *Gibbs*, this Court or the Fifth Circuit would have to reverse the remand order for jurisdiction to be shifted back from state to federal court. Until the remand order is reversed or vacated, the Anti-Injunction Act bars any injunction staying state proceedings.").

## II.  This Court Plainly Has Authority to Stay Its Remand Order Pending Appeal.

Even if Plaintiffs' arguments are considered on their merits, Plaintiffs' motion to lift the stay pending appeal should be denied. As Defendants already established, Plaintiffs' claims concerning the effect of mailing the remand order are contrary to established Fifth Circuit precedent, and the Fifth Circuit already rejected these same arguments when Plaintiffs' counsel made them in a related case: *BP America*.[8]

### a. Issuance of a Certified Remand Order Does Not Eliminate the Court's Inherent Authority to Issue a Stay Pending Appeal.

The *only* basis Plaintiffs offer to support lifting the stay pending appeal is their assertion that this Court lacked jurisdiction to enter the stay. Plaintiffs suggest that the Court did not have the authority to stay its remand order because "[t]he federal clerk's mailing of the remand order vested the state court with jurisdiction."[9] Yet, as noted above, Plaintiffs raised this same argument when opposing the Removing Defendants' motion for a stay pending resolution of their motion for reconsideration.[10] Plaintiffs were wrong then and are wrong now.

A "remand order is treated like any other final judgment," such that "a district court retains jurisdiction until the time for filing an appeal has expired or until a valid notice of appeal is filed." *Thomas v. LTV Corp.*, 39 F.3d 611, 616 (5th Cir. 1994). Consistent with that principle, multiple circuits, including this one, have held that where the remand order is reviewable under 28 U.S.C. § 1447—which is the case here, as Plaintiffs concede[11]—certification and mailing of the remand order does not deprive the federal court of jurisdiction. *See In re Digicon Marine, Inc.*, 966 F.2d

---

[8] *See* ECF No. 92.
[9] ECF No. 102-1 at 2.
[10] *See* ECF No. 83 at 1 ("The federal clerk's mailing of the remand order vested the state court with jurisdiction.").
[11] *See* ECF No. 102-1 ("Certainly, federal officer remand orders are reviewable under Section 1447(d) . . . .").

3

158, 160–61 (5th Cir. 1992); *see also Shapiro v. Logistec USA, Inc.*, 412 F.3d 307, 312 (2d Cir. 2005). Indeed, the Fifth Circuit has long recognized "that, where an exception to non-reviewability exists, 'an appellate court has jurisdiction to review the remand order, and a district court has jurisdiction to review its own order, and *vacate or reinstate that order*.'" *In re Shell Oil Co.*, 932 F.2d 1523, 1528 (5th Cir. 1991) (emphasis added).

The "authority to issue a stay 'is incidental to the power inherent in every court to control the disposition of the causes on its docket.'" *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 243 (5th Cir. 2009) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)). That inherent authority includes the "power to stay proceedings *sua sponte*." *Amlin Corp. Ins. v. GREEN ARROW M/V*, No. CIV.A. 11-1417, 2013 WL 392584, at *5 (E.D. La. Jan. 31, 2013) (collecting cases). Because the Court indisputably has the power to modify its own remand order under *In re Shell Oil Co.*, 932 F.2d at 1528, the Court also has the power to stay that order.[12]

Plaintiffs suggest that this cannot be so because "Section 1447(d) must be read 'in conjunction with' Section 1447(c)."[13] But nothing in Section 1447(c) revokes or in any way curtails the Court's inherent power to issue a stay. Section 1447(c) simply directs the clerk of the federal court to mail a "certified copy of the order of remand" to "the clerk of the State court," and provides that "[t]he State court may thereupon proceed with [the] case," 28 U.S.C. § 1447(c). That is true, however, only if the remanding Court does not stay the legal effect of that remand order, *as this Court unquestionably did when it entered a stay pending appeal*.

---

[12] *Arnold v. Garlock, Inc.*, 278 F.3d 426 (5th Cir. 2001), on which Plaintiffs rely, is not to the contrary. Unlike this case, that case involved a *non-reviewable* remand order. *See id.* at 431, 434 (noting that case was removed as a case relating to a case under title 11 pursuant to 28 U.S.C. § 1452(a)).
[13] *See* ECF No. 102-1 at 3; *see also* ECF No. 83 at 2 (making the same argument when opposing the Removing Defendants' request for a stay pending resolution of their motion for reconsideration).

4

Plaintiffs' counsel again fails to mention that they made these same arguments to the Fifth Circuit when opposing a stay of a remand order in *BP America*.[14] In arguing that the Fifth Circuit lacked jurisdiction to issue a stay, Plaintiffs' counsel cited both cases that they rely on here: *City of New Orleans ex rel. New Orleans Aviation Bd. v. National Service Cleaning Corp.*, No. CIV. A. 96-1601, 1997 WL 5915, at *1 (E.D. La. Jan. 6, 1997), and *Meyers v. Chesterson*, No. CIV.A. 15-292, 2015 WL 3797139, at *3 (E.D. La. June 18, 2015).[15] The Fifth Circuit rejected Plaintiffs' contentions and granted the stay.[16] This Court also necessarily rejected Plaintiffs' theories when entering a stay pending appeal in this case. Plaintiffs' third attempt to re-urge their twice-rejected arguments should likewise be rejected.

### b. The Anti-Injunction Act Does Not Limit the Court's Authority to Issue a Stay.

Plaintiffs next renew their contention that the Anti-Injunction Act bars the Court from staying its remand order or enjoining the state court from proceeding with the case.[17] This, too, is an argument that Plaintiffs made when opposing the Removing Defendants' motion for a stay pending resolution of their motion for reconsideration,[18] notwithstanding that the Fifth Circuit previously rejected their argument—twice.[19] As before, Plaintiffs are wrong.

---

[14] *See* ECF No. 92-1, Ex. 2 at 2–3 (arguing that the mailing of a certified remand order confers jurisdiction on the state court); *see also* ECF No. 83 at 1–2 (making same argument when opposing the Removing Defendants' motion for a stay pending resolution of their motion for reconsideration).

[15] *See* ECF No. 92-1, Ex. 2 at 6–8.

[16] *See* ECF No. 92-1, Ex. 4 at 1.

[17] *See* ECF No. 102-1 at 3–7.

[18] *See* ECF No. 83 at 3–6.

[19] After the Fifth Circuit granted a stay of the remand order pending appeal in *Parish of Cameron v. BP America Production Co.*, *see* ECF No. 92-1, Ex. 4 at 1, Plaintiffs nevertheless attempted to move the case forward in state court, *see* ECF No. 92-1, Ex. 5 at 1. In response, the Removing Defendants in that case sought an injunction to prevent the Plaintiffs from proceeding in state court during the pendency of the appeal of the stayed remand order. *See id.* In opposing that request, the Plaintiffs repeated these same Anti-Injunction Act arguments. *See* ECF No. 92-1, Ex. 6 at 6–11. The Fifth Circuit rejected those arguments and granted an injunction. *See* ECF No. 92-1, Ex. 8 at 1.

The Anti-Injunction Act in no way limits the Court's authority to stay its remand order pending appeal because the Court's stay is not an injunction. It simply halts the legal effect of the Court's own remand order; it does not order the state court to stay proceedings. It would become necessary to consider issuing an injunction *only if* the state court sought to proceed notwithstanding the federal court's issuance of a stay. *Cf. Brookshire Bros. Holding Inc. v. Dayco Prod., Inc.*, No. 07-31154, 2009 WL 8518382, at *1 (5th Cir. Jan. 23, 2009) ("Nor is it clear that the Anti–Injunction Act reaches the relief we today grant. Its operative bite is the same as an order staying enforcement of an order of a district court pending review of its validity.").

Moreover, even if the Court's stay pending appeal could constitute an "injunction," the Anti-Injunction Act still would not bar the stay. The Act explicitly authorizes a federal court to enjoin a state court "as expressly authorized by Act of Congress," or "where necessary in aid of its jurisdiction." 28 U.S.C. § 2283. An injunction halting a state court from proceeding in the face of a stay pending appeal would fall within these exceptions. *See, e.g.*, *In re Meyerland Co.*, 910 F.2d 1257, 1263 (5th Cir. 1990) ("The Anti-Injunction Act, therefore, does not bar an injunction of a state court proceeding which purports to exercise jurisdiction over a removed case."), *modified on reh'g en banc*, 960 F.2d 512 (5th Cir. 1992); *Maseda v. Honda Motor Co.*, 861 F.2d 1248, 1255 (11th Cir. 1988) ("Several court decisions . . . have recognized the power of federal courts to enjoin state courts from proceeding in a removed case.").

As they did both before the Fifth Circuit[20] and when opposing the Removing Defendants' request for a stay pending resolution of their motion for reconsideration,[21] Plaintiffs attempt to avoid this conclusion by relying on the unpublished, per curiam opinion in *Gibbs v. Lufkin*

---

[20] *See* ECF No. 92-1, Ex. 6 at 11–17.
[21] *See* ECF No. 83 at 3.

6

*Industries, Inc.*, 487 F. App'x 916 (5th Cir. 2012) (per curiam).[22] That reliance is misplaced. Unlike this case, *Gibbs* entailed an attempt to enjoin state court proceedings involving state law claims over which "the federal district court opted not to exercise supplemental jurisdiction" after the federal question grounds for removal had been dismissed. *Id.* at 919–20. It did not involve the district court's entry of a stay in connection with an appealable order. Here, by contrast, because the remand order is one for which "an exception to non-reviewability exists," the Court retains jurisdiction to enter a stay. *In re Shell Oil Co.*, 932 F.2d at 1528. *Gibbs* is simply inapposite.

Plaintiffs' invocation of *Zeringue v. Crane Co.*, 846 F.3d 785 (5th Cir. 2017), *Savoie v. Huntington Ingalls, Inc.*, 817 F.3d 457 (5th Cir. 2016), and *Legendre v. Huntington Ingalls, Inc.*, 885 F.3d 398 (5th Cir. 2018), is likewise unavailing.[23] Just because state court proceedings in some circumstances can proceed after a remand order has been issued does not mean that the Court, in any way, is stripped of its inherent authority to stay its own reviewable remand order.

### c. A Stay Pending Appeal Is Warranted.

In their motion to lift the stay pending appeal, Plaintiffs do not argue that a stay is improper under the traditional four-factor test for a stay. *See, e.g.*, *Nken v. Holder*, 556 U.S. 418, 425–26 (2009) (outlining the four factors). The Removing Defendants respectfully submit that the Court's order staying this case pending appeal is just as appropriate now as it was when the Court entered it only a few days ago.

### CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Lift Stay Pending Appeal should be denied.

---

[22] *See* ECF No. 102-1 at 4.
[23] *See* ECF No. 102-1 at 5–6; *see also* ECF No. 83 at 5–6 (relying on the same three cases when opposing the Removing Defendants' motion for a stay pending resolution of their motion for reconsideration).

Dated: May 2, 2023  Respectfully submitted:

/s/ *Alexandra White*
Alexandra White (#29478)
lwhite@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
Eric J. Mayer (#14184)
emayer@susmangodfrey.com
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

**KEAN MILLER LLP**
Charles S. McCowan III (#19699)
trey.mccowan@keanmiller.com
Pamela R. Mascari (#25162)
pam.mascari@keanmiller.com
II City Plaza
400 Convention St., Suite 700
Post Office Box 3513 (70821)
Baton Rouge, Louisiana 70802
Telephone: (225) 387-0999
Facsimile: (225) 388-9133

-and-

**KEAN MILLER LLP**
Michael R. Phillips (#21020)
mike.phillips@keanmiller.com
Claire E. Juneau (#33209)
claire.juneau@keanmiller.com
909 Poydras, Suite 3600
New Orleans, LA 70112
Telephone: (504) 585-3050
Facsimile: (504) 585-3951

*Attorneys for Chevron U.S.A. Inc. and Chevron U.S.A. Holdings*

-and-

/s/ *Robert B. McNeal*
Robert B. McNeal (No. 14211)
rbmcneal@liskow.com

8

**LISKOW & LEWIS**
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

Michael P. Cash (No. 31655)
mcash@liskow.com
**LISKOW & LEWIS**
First City Tower
1001 Fannin Street
Houston, Texas 77002-6756
Telephone: (713) 651-2900
Facsimile: (713) 651-2908

Jamie D. Rhymes (No. 24621)
jdrhymes@liskow.com
**LISKOW & LEWIS**
822 Harding Street
Lafayette, Louisiana 70503
Telephone: (337) 232-7424
Facsimile: (337) 267-2399

-and-

Martin A. Stern (No. 17154)
Glen M. Pilié (No. 1539)
Jeffrey E. Richardson (No. 23273)
Alexandra R. Lamb (#37847)
martin.stern@arlaw.com
glen.pilie@arlaw.com
jeffrey.richardson@arlaw.com
alex.lamb@arlaw.com
**ADAMS AND REESE LLP**
701 Poydras Street, Suite 4500
New Orleans, Louisiana 70139
Telephone: (504) 581-3234
Facsimile: (504) 566-0210

-and-

Monica A. Frois (No. 20187)
Matthew A. Woolf (No. 27146)
Tyler L. Weidlich (No. 30790)
mfrois@bakerdonelson.com

9

mwoolf@bakerdonelson.com
tweidlich@bakerdonelson.com
**BAKER, DONELSON, BEARMAN,CALDWELL & BERKOWITZ**
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

*Attorneys for Exxon Mobil Corporation*

-and-


*/s/ Michele DeShazo*
Deborah D. Kuchler, T.A. (#17013)
Sarah E. Iiams (#22418)
Michele Hale DeShazo (#29893)
mdeshazo@kuchlerpolk.com
dkuchler@kuchlerpolk.com
siiams@kuchlerpolk.com
**KUCHLER POLK WEINER, LLC**
1615 Poydras Street, Suite 1300
New Orleans, LA 70112
T. 504-592-0691
F. 504-592-0697

*Attorneys for ConocoPhillips Company and The Louisiana Land and Exploration Company LLC*

-and-

*/s/ George Arceneaux III*
George Arceneaux III (#17442)
garceneaux@liskow.com
**LISKOW & LEWIS**
822 Harding Street
P.O. Box 52008
Lafayette, Louisiana 70505
Telephone: (337) 232-7424
Facsimile: (337) 267-2399

-and-

Nancy G. Milburn (pro hac vice)
**ARNOLD & PORTER KAY SCHOLER LLP**
250 West 55th Street

10

New York, NY 10019-9710
Telephone: (212) 836-8383
Facsimile: (212) 836-8689
E-mail: nancy.milburn@arnoldporter.com

***Attorneys for Atlantic Richfield Company and BP America Production Company***

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2023, a copy of the above and foregoing was electronically filed with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

*/s/ Alexandra White*
Alexandra White